**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| EVGUENI ROUDACHEVSKI, D.O. | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| V. | * | |
| | * | NO: 4:11CV00230  SWW |
| ALL-AMERICAN CARE CENTERS, | * | |
| INC.  d/b/a ALL-AMERICAN CARE | * | |
| OF LITTLE ROCK | * | |

**AGREED QUALIFIED PROTECTIVE ORDER**

The parties have requested that the Court enter a qualified protective order in accordance with Health Insurance Portability and Accountability Act Privacy Regulations to allow the discovery of protected health information.

1. Dr. Roudachevski brought suit against All-American alleging that its decision to terminate his privilege to practice medicine at its facility violated the Arkansas Deceptive Trade Practices Act, intentionally interfered with his contractual relationships or business expectancies, and constituted outrage and wrongful termination under Arkansas law. Among other things, Dr. Roudachevski seeks to recover lost income from medical care and treatment provided to All-American's residents.

2. During the course of this case it is probable that the parties will exchange documents that contain confidential patient information, or information that could lead to the deduction of confidential patient information, covered by the Health Insurance Portability and Accountability Act (HIPAA).

3. For example, in its requests for production of documents, All-American has

requested to inspect Dr. Roudachevski's CMS and related billings and receipts relating to his practice at All-American from September 1, 2010, to February 24, 2011. At this time, it is anticipated that the requested documents will be used with regard to Dr. Roudachevski's claims for damages.

    4. The parties agree that confidential documents shall not be disclosed, directly or indirectly, to anyone other than the parties and attorneys for the parties for purposes of this action. Nothing in this Confidentiality Agreement and Stipulated Protective Order prevents any party from disclosing confidential documents to the Court or jury impaneled at the trial of this case, subject to such protections as the court may order with respect to the treatment of confidential documents at trial.

    5. The parties' agreement to produce confidential documents pursuant to this Protective Order shall not be deemed an agreement that such documents (1) constitute or contain confidential information, or (2) are relevant to any matter at issue in this action. Each party reserves the right to object to or to seek an appropriate order limiting any use which any other party may seek to make of such confidential documents either in discovery or at the trial of this action.

    6. Before any confidential documents are included in a court filing, the parties shall first attempt to reach an agreement to redact certain confidential information before any court filing is made. However, if an agreement cannot be reached and it becomes necessary to include information obtained from confidential documents or to use such confidential documents in any court filing, any such filing should be made under seal, if not prohibited by law.

    7. The parties are prohibited from using or disclosing the requested documents for

any other purpose than the present litigation.

8. Within 30 days after an entry of an Order dismissing this action, whether such dismissal is with or without prejudice, or the entry of final judgment, the parties are required to return any copies of the requested documents containing confidential information to the providing party (Dr. Roudachevski or All-American), along with any copies of the records that the parties or those acting on their behalf made of the requested patient records. For the purposes of this order, the term "copy" or "copies" includes any electronic version of the requested patient records.

9. In the alternative, the parties may submit an affidavit to this Court within 30 days after entry of an Order dismissing the action, affirming that all copies of the requested documents, along with any copies made by the parties or those acting on their behalf, were destroyed.

10. In the event that either party appeals from an Order dismissing the litigation or final judgment, the records must be returned or destroyed within 30 days after any such appeals have been exhausted.

IT IS SO ORDERED THIS 15TH DAY OF DECEMBER, 2011.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE