IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| EVGUENI ROUDACHEVSKI, D.O. | * | |
| | * | |
| Plaintiff | * | |
| | * | NO: 4:11CV00230  SWW |
| V. | * | |
| | * | |
| ALL-AMERICAN CARE CENTERS, | * | |
| INC.  d/b/a ALL-AMERICAN CARE | * | |
| OF LITTLE ROCK | * | |
| Defendant | | |

## ORDER

On March 1, 2011, Evgueni Roudachevski, D.O. ("Dr. Roudachevski") commenced this action in against All-American Care Centers, Inc. ("All-American"), alleging that All-American wrongfully terminated his patient privileges at a  residential nursing care facility.  On May 15, 2012, having been advised that the parties had settled, the Court granted the parties' joint motion to dismiss and for retention of jurisdiction for the purpose of enforcing the terms of the settlement agreement.  Now before the Court is Dr. Roudachevski's motion to enforce the settlement agreement (docket entries #67, #68) and All-American's response in opposition (docket entry #71).  On August 1, 2012, the Court conducted a hearing, with counsel for both sides present.  At the conclusion of the hearing, the Court stated findings of fact and conclusions of law and granted in part Dr. Roudachevski's motion to enforce the settlement agreement, finding that he is entitled to judgment only for the amount presently due and owing under the parties'  agreement.  This order augments and reaffirms the Court's ruling made from the bench.

The following facts are undisputed.  The parties' settlement agreement requires All-American to pay Dr. Roudachevski a total of $30,000 in installments as follows: (a) $10,000 on

July 1, 2012 and (b) $1,000 per month for twenty months, with payments beginning on August 1, 2012. The settlement agreement contains no grace period provision, and it does not contain an acceleration clause. Dr. Roudachevski has fully performed under the settlement agreement, and he has not violated the agreement. All-American, however, has failed to pay the first installment payment of $10,000, which was due on July 1, 2012, and All-American has failed to pay the second installment payment of $1,000, which was due on August 1, 2012.

Dr. Roudachevski made demand for the installment payments due and owing. In response, Jerry L. Rhodes, who served as the president and CEO of All-American, sent an e-mail message to counsel stating that the claim against All-American, an Illinois corporation, could only be settled through Keith Head, who took over the facility on May 26, 2011 under a management contract. *See* Plf.'s Hr'g Ex. #5. Mr. Rhodes reported in his e-mail message that he has no access to bank accounts or cash, that All-American is defunct,[1] and that he lacks the resources to pay the settlement. *Id*. Mr. Rhodes also suggested a compromise and offered to pay Dr. Roudachevski $5,000 now and $10,000 in six months. *Id*.

The Court finds that the parties entered a binding settlement agreement, Dr. Roudachevski performed under the contract, and All-American breached its duty to pay Dr. Roudachevski $10,000 on July 1, 2012 and $1,000 on August 1, 2012. Dr. Roudachevski asserts that he is entitled to a judgment for $30,000, the total settlement amount, under the theory that All-American has repudiated the settlement agreement. For reasons that follow, the Court disagrees.

As a threshold matter, the Court finds that Rhodes's e-mail message and attempt at

---

[1] The record contains no conclusive evidence regarding All-American's current financial condition.

compromise is not fairly interpreted as a repudiation of the settlement agreement. But even if that were the case, in the absence of an acceleration clause, the Court has no power to impose one. A default in the payment of a single installment due under a contract does not support a claim for the entire debt. The Supreme Court of Arkansas has explained that the doctrine of anticipatory repudiation does not apply to contracts to pay money at specified times. *See Manufacturers' Furniture Co. v. Cantrell* 290 S.W. 353, 354 (Ark. 1927)("Where the contract, or the unperformed portion of it, is merely to pay money at specified times, the refusal to pay does not accelerate the maturity of installments which are not due under the contract."); *see also First State Bank of Floodwood v. Jubie*, 86 F.3d 755, 760 (8th Cir. 1996)(explaining that nonpayment of installment obligations have been excluded from the general rule that anticipatory repudiation permits the aggrieved party to sue for damages resulting from future as well as past-non-performance). This principle is recognized in the Restatement (Second) of Contracts

§ 243(3), which provides:

> Where at the time of the breach the only remaining duties of performance are those of the party in breach and are for the payment of money in installments not related to one another, his breach by non-performance as to less than the whole, whether or not accompanied or followed by a repudiation, does not give rise to a claim for damages for total breach.

Restatement (Second) of Contracts, § 243(3) (1981).

Although Dr. Roudachevski is not entitled to future amounts due under the settlement agreement, the Court finds that he is entitled to receive the first installment of $10,000 and the second installment of $1,000, plus interest on those amounts, and judgment will be entered accordingly.

IT IS THEREFORE ORDERED that Plaintiff's motion to enforce the settlement

agreement (docket entry #67) is GRANTED IN PART AND DENIED IN PART.  Pursuant to the judgment entered together with this order, Defendant shall pay Plaintiff amounts presently due and owing under the parties settlement agreement:  $10,000 for the settlement installment due July 1, 2012 and $1,000 for the settlement installment due August 1, 2012, together with prejudgment interest at a rate of 6% per annum,[2] from the due date of each installment through the date of judgment, and post-judgment interest from the date of judgment until paid at the rate of .17% per annum as provided by law.

IT IS FURTHER ORDERED that Clerk of the Court is directed to unseal the parties' settlement agreement (docket entry #74) filed under seal on July 31, 2012.

IT IS SO ORDERED THIS 2ND  DAY OF AUGUST, 2012.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE

---

[2]The issue of prejudgment interest is a substantive matter governed by Arkansas law.  *See Ferrell v. W. Bend Mut. Ins. Co.*, 393 F.3d 786, 797 (8th Cir. 2005). "Prejudgment interest is compensation for recoverable damages wrongfully withheld from the time of the loss until judgment[,]" and an award of prejudgment interest is "allowable where the amount of damages is definitely ascertainable by mathematical computation, or if the evidence furnishes data that makes it possible to compute the amount without reliance on opinion or discretion."  *Ozarks Unlimited Resources Co-op., Inc. v. Daniels*  333 Ark. 214, 224, 969 S.W.2d 169, 174 (1998)(citing *Woodline Motor Freight, Inc. v. Troutman Oil Co.*, 327 Ark. 448, 938 S.W.2d 565 (1997)).  "Where prejudgment interest may be collected at all, the injured party is always entitled to it as a matter of law." *Id*. (citing *TB of Blytheville v. Little Rock Sign & Emblem*, 328 Ark. 688, 946 S.W.2d 930 (1997)).  Additionally, where, as in this case, no rate of interest has been agreed upon, prejudgment interest accrues at six percent per annum.  *See Warren v. State Farm Fire and Cas. Co.*, No. 3:05CV00260 GTE, 2007 WL 93 63 54, at *11 (E.D.Ark. March 26, 2007).