IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| EVGUENI ROUDACHEVSKI, D.O. | * | |
| | * | |
| Plaintiff | * | |
| | * | NO: 4:11CV00230  SWW |
| V. | * | |
| | * | |
| ALL-AMERICAN CARE CENTERS, | * | |
| INC.  d/b/a ALL-AMERICAN CARE | * | |
| OF LITTLE ROCK | * | |
| Defendant | | |

**ORDER**

Now before the Court is a motion for sanctions by Plaintiff  Evgueni Roudachevski, D.O. ("Dr. Roudachevski")  [ECF Nos. 95, 96].  The time for filing a response has expired, and Defendant All-American Care Centers, Inc. ("All-American") has not filed a response.[1]  After careful consideration, and for reasons that follow, the motion is denied without prejudice for failure to provide the certification required under Rule 37(d)(1)(B) of the Federal Rules of Civil Procedure and Local Rule 7.2(g).

On March 1, 2011, Dr. Roudachevski commenced this action,  claiming that All-American wrongfully terminated his patient privileges at a residential nursing care facility.  On

---

[1]The Court notes that attorneys Debby Thetford Nye and Edward T. Oglesby serve as counsel of record for Defendant All-American.  On January 24, 2012, counsel moved to withdraw representation for All-American, and by order entered January 30, 2012, the Court held the motion in abeyance and gave All-American fifteen days in which to file a motion for substitution of counsel.   The Court noted in its order that the law does not allow a corporation to appear *pro se* and that All-American would be in default if counsel withdrew.  All-American did not move for substitution of counsel, and by order entered March 13, 2012, the Court directed counsel of record for All-American to file a report regarding the status of the motion to withdraw.  Counsel failed to file a status report as requested.  Accordingly, the Court denied the motion to withdraw, but noted that counsel could submit a renewed motion to withdraw.

May 15, 2012, the Court granted the parties' joint motion to dismiss and retained jurisdiction for the purpose of enforcing the terms of the parties' settlement agreement.  Subsequently, Dr. Roudachevski sought and obtained three judgments against All-American for installments due under the settlement agreement.

Jerry L. Rhodes serves as the president and CEO of All-American.  On November 18, 2013, Dr. Roudachevski noticed Rhodes for a deposition scheduled for December 23, 2013.  Dr. Roudachevski also served All-American interrogatories and requests for production of documents, which required responses by December 18, 2013.  Dr. Roudachevski reports that Rhodes failed to appear for deposition and that All-American failed to provide responses to his written discovery requests.

Federal Rule of Civil Procedure 69(a) provides judgment creditors the right to post-judgment discovery in aid of the judgment.  Under Rule 69(a), a party "may obtain discovery from any person . . . in the manner provided in these rules . . . or by the practice of the state in which the district court is held."  Fed. R. Civ. P. 69(a).  Similarly, Arkansas Rule of Civil Procedure 69 provides, "In aid of a judgment or execution, a judgment creditor . . . may obtain discovery from any person . . . in the manner provided in these rules."  Ark. R. Civ. P. 69.  Pursuant to these rules, Dr. Roudachevski has the right to conduct reasonable post-judgment discovery and "'is entitled to a very thorough examination of the judgment debtor.'"  *See Credit Lyonnais, S.A. v. SGC Intern., Inc*., 160 F.3d 428, 430 (8th Cir. 1998)(quoting *Caisson Corp. V. County West Building Corp*., 62 F.R.D. 331, 335 (E.D. Pa. 1974)).

Federal Rule of Civil Procedure 37(d)(1)(A) provides that "the court where the action is pending may, on motion, order sanctions if: (i) a party or a party's officer, director, or managing

agent—or a person designated under Rule 30(b)(6) or 31(a)(4)—fails, after being served with proper notice, to appear for that person's deposition; or (ii) a party after being properly served with interrogatories under Rule 33 . . . fails to serve its answers, objections, or written response." Fed. R. Civ. P. 37(d)(1)(A). Rule 37(d)(3) permits the imposition of a wide range of sanctions and further provides: "Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(1)(A).

Although it appears that All-American has failed to comply with its discovery obligations, Rule 37(d)(B) requires that a party moving to for sanctions for failure to answer or respond must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action. Similarly, Local Rule 7.2(g) requires such certification. Because Plaintiff has failed to provide the certification required under Rule 37(d)(B) and the Local Rules of this Court, the Court finds that the motion for sanctions [ECF No. 95] should be and it is hereby DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED THIS 13TH DAY OF JANUARY, 2014.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE